**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **DANIEL H. MAY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:09CV1036-DJS |
| ) | |
| **AG/CP CRESTWOOD RETAIL** ) | |
| **OWNERS, LLC, et al.,** ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Now before the Court is plaintiff Daniel May's motion to remand [Doc. #11]. The matter has been fully briefed and is ready for disposition.

Plaintiff originally filed his petition in the Circuit Court of St. Louis County, Missouri, seeking damages for personal injuries allegedly caused by defendants AG/CP Crestwood Retail Owner, LLC ("Owner"), Angelo Gordon and Company, LP ("Angelo"), and Jones Lang LaSalle Americas, Inc. ("Jones"). See Doc. #1-4. A notice of removal was filed on July 1, 2009. The notice of removal is signed by attorney Joseph Swift with Brown & James, P.C., "Attorneys for Defendants."[1] Also on July 1, 2009, attorney Swift entered his appearance and filed answers on behalf of defendants

---

[1] According to the first sentence of the body of the notice of removal, "Defendants AG/CP Crestwood Retail Owner, LLC, Angelo, Gordon and Company, LP, file this Notice of Removal of this lawsuit...." Doc. #1.

Owner and Jones. Docs. #2-4.[2] Attorney Swift did not initially enter his appearance or file an answer on behalf of defendant Angelo, but did file defendant Angelo's answer on August 7, 2009. Doc. #15.

Plaintiff filed his motion to remand on July 30, 2009. He argues that no attorney entered an appearance on behalf of defendant Angelo within thirty days of removal, and because defendant Angelo is a corporation, which must be represented by an attorney, it could not have timely communicated to this Court its consent to removal. Defendants oppose plaintiff's motion, and state that all three defendants are represented by attorney Swift. Defendants state that attorney Swift did not initially enter his appearance or file an answer on behalf of defendant Angelo because defendant Angelo had not been notified of a valid return of service and did not want to submit to the Court's jurisdiction until

---

[2]On July 22, 2009, attorney Patricia Caragen entered her appearance and filed an answer on behalf of defendant Angelo in the Circuit Court of St. Louis County. Defendants state that defendant Angelo is provided general liability insurance by the Hartford Insurance Company, and that it is this firm that retained attorney Caragen and instructed her to enter her appearance as secondary counsel for defendant Angelo. Defendants state that attorney Caragen mistakenly filed an answer in state court on July 22, 2009, as that court had been divested of jurisdiction by the notice of removal. The Court only notes these facts. Since the state court did not have jurisdiction on July 22, 2009, the Court is not persuaded that attorney Caragen's action in filing an answer in state court should have any bearing on the disposition of the instant motion.

notification of valid and proper service.[3]  However, defendants argue that defendant Angelo did consent to the removal.

The general removal statute permits a notice of removal to be filed within thirty days after receipt of the pleading, and has been interpreted to require that all defendants must consent to the removal. Pritchett v. Cottrell, Inc., 512 F.3d 1057, 1062 (8th Cir. 2008).

> While the failure of one defendant to consent renders the removal defective, each defendant need not necessarily sign the notice of removal. There must, however, be some timely filed written indication from each served defendant, or from some person with authority to act on the defendant's behalf, indicating that the defendant has actually consented to the removal.

Id. (internal citations omitted).  Each defendant must join or consent within thirty days of service on that defendant. Marano Enters. v. Z-Teca Rests., L.P., 254 F.3d 753, 755-57 (8th Cir. 2001).

In this case, defendant Angelo is a corporation.  As such, it "may be represented only by licensed counsel." Hadlock v. Baechler, 136 F.R.D. 157, 158 (W.D. Ark. 1991) (emphasis added) (citing Carr Enterprises, Inc. v. United States, 698 F.2d 952, 953 (8th Cir. 1983)).  In Amteco, Inc. v. BWAY Corp., 241 F. Supp. 2d 1028 (E.D. Mo. 2003), a court in this district held that removal was not proper after a corporate defendant's president provided

---

[3]The Court notes that the return of service shows that defendant Angelo was properly served, and defendants do not now contend that service on defendant Angelo was defective.

oral consent to the removing co-defendant's attorney, but did not provide any form of consent directly to the court within the requisite thirty-day period. In so holding, the Amteco Court stated that for a corporate defendant to adequately communicate its consent to a court, "an attorney must enter an appearance and provide unambiguous consent." Id. at 1032; see also Byrd v. Auto-Owners Ins. Co., 2008 WL 5071105, at *3 (E.D. Mo. Nov. 24, 2008) ("This Court concurs with the analysis and conclusion of the Amteco Court. Removal is an important jurisdictional act which deprives a plaintiff of their choice to litigate in state court, and therefore, must be given great deference."). "[A]ll doubts arising from defective, ambiguous and inartful pleadings [in a removed case] should be resolved in favor of the retention of state court jurisdiction." Wilkinson v. Shackelford, 478 F.3d 959, 964 (8th Cir. 2007).

The Court agrees with the Amteco Court and finds that, for a corporation to adequately convey its consent to removal, an attorney must enter his or her appearance on behalf of that corporate defendant. Otherwise, there is no way for the corporate defendant to communicate with the Court. The Court notes that this is not the same situation as Amteco, where consent to removal was given to a co-defendant's attorney. Rather, defendant Angelo's own attorney filed the notice of removal. Nonetheless, it appears to be undisputed that no attorney entered an appearance on behalf of defendant Angelo within thirty days of service on defendant

Angelo,[4] and therefore defendant Angelo could not have competently communicated to the Court that it consented to the removal. Accordingly, although this is a close case, the Court agrees with plaintiff that there is a flaw in the removal and, in consideration of the deference this Court should give to state court jurisdiction, the Court finds that defendants' notice of removal is defective. See Amteco, 241 F. Supp. 2d at 1032 ("[T]he consent must be explicit and must be made of record to the court within the thirty-day time limit. This rule protects the interests of all parties and places the burden of justifying removal where the statute intended it to be placed: on the defendants seeking to invoke federal jurisdiction.").

Defendants also argue that, even if the Court finds that defendants' notice of removal is defective, plaintiff's motion to remand should be denied because plaintiff consented to defective removal by directing interrogatories to all defendants. Defendants cite several cases in support of this argument. However, as plaintiff argues, none of the cases cited by defendants involve a plaintiff who raised an objection to removal within thirty days of removal. Rather, the cases cited by defendants involve a significant amount of discovery conducted by the plaintiff. See, e.g., Johnson v. Odeco Oil & Gas Co., 864 F.2d 40, 42 (5th Cir. 1989)

---

[4]Defendants state that, "Brown and James, P.C., did not enter an appearance or file an answer on behalf of Angelo in federal court at the time of removal because Angelo has not been notified of a valid return of service on Angelo." Doc. #13, p. 4 (emphasis added).

(finding that plaintiff had waived right to remand after "considerable discovery [took] place under federal court auspices for nearly a year"); St. Louis Home Insulators v. Burroughs Corp., 597 F. Supp. 98, 99 (E.D. Mo. 1984) (finding that plaintiffs waived any objection to the timeliness of the removal petition because plaintiffs had vigorously prosecuted their case by filing interrogatories, requests for admission, and requests for production of documents, noticed witnesses for depositions, and participated in an aborted jury trial for three days).

In this case, plaintiff served one set of interrogatory requests on each of the defendants. This activity cannot fairly be described as plaintiff "vigorously prosecuting" his case, nor can a single set of interrogatory requests sent to each defendant be described as participation in "considerable discovery." Further, the motion to remand in this case comes within the thirty-day window to file such a motion given in 28 U.S.C. §1447(c). Accordingly, the Court finds that plaintiff did not waive his ability to file a motion to remand (that is, plaintiff did not consent to the defective removal), by directing interrogatories to all defendants.

For the above stated reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #11] is granted.

**IT IS FURTHER ORDERED** that all remaining motions are denied without prejudice to reassertion in state court.

**IT IS FURTHER ORDERED** that this action is remanded to the Circuit Court of St. Louis County, Missouri.

Dated this  16th   day of October, 2009.

                                    /s/Donald J. Stohr
                                    UNITED STATES DISTRICT JUDGE